Larry JOHNSON and Phyllis Johnson, Appellants,

v.

TRIPLE S INDUSTRIAL CORPORATION, Appellee.

No. 09–99–358 CV.

Court of Appeals of Texas, Beaumont.

Submitted Feb. 22, 2000.

Decided March 23, 2000.

Craig J. Schexnaider, Bruce W. Cobb, Beaumont, for appellant.

Louis M. Scofield, Jr., Mehaffy & Weber, Beaumont, for appellee.

Before WALKER, C.J., BURGESS and STOVER, JJ.

## OPINION

RONALD L. WALKER, Chief Justice.

This is an appeal from a summary judgment which severed the portion of appellants' lawsuit involving injuries to appellant, Larry's, lower back. In their original petition, appellants contend that Larry injured his back, spine, spinal cord, and nervous system on the job when the forklift he was operating collided with a parked vacuum sweeper truck, owned and operated by appellee, which was left unattended by appellee. The petition further alleges said collision occurred on January 25, 1996.

Appellee's amended answer raised a number of defenses including the affirmative defense of estoppel. *See* TEX.R. CIV. P. 94. Said defense was pleaded as follows:

### V.

The Plaintiff is estopped to claim that injuries to parts of Mr. Johnson's body, other than his neck, were caused or contributed to by the accident made the basis of this lawsuit for the reason that the Plaintiff has affirmatively sought, and received, money as a result of claiming that other injuries to his body were the result not of an accident on January 25, 1996 but rather an alleged accident on January 31, 1996. In the alternative the Plaintiff has waived such claims.

Thereafter, appellee filed a motion for partial summary judgment and motion for severance contending that Larry's only physical complaint following the January 25, 1996, collision was to his neck, and only later on January 31, 1996, did Larry first complain of an injury to his lower back following his lifting of buckets. The trial court granted said motion for summary judgment apparently on these grounds because it then severed Larry's neck injury claim and continued that cause as a viable cause of action.

The doctrine of "election of remedies" is an affirmative defense that, under certain circumstances, bars a person from pursuing two inconsistent remedies. *Medina v. Herrera*, 927 S.W.2d 597, 600 (Tex. 1996). In *Bocanegra v. Aetna Life Ins. Co.*, 605 S.W.2d 848, 851 (Tex.1980), the Supreme Court noted that the election of remedies doctrine combines elements of estoppel, ratification, and unjust enrichment. Although recognizing that the doctrine has been "widely criticized," *id.* at 850, the Court concluded that it survives in several branches of the law to prohibit inconsistent legal positions that may produce manifest injustice:

[A]n election will bar recovery when the inconsistency in the assertion of a remedy, right, or state of facts is so uncon-

scionable, dishonest, contrary to fair dealing, or so stultifies the legal process or trifles with justice or the courts as to be manifestly unjust.

*Id.* at 851. Based upon these principles, the Court fashioned the following test:

The election doctrine, therefore, may constitute a bar to relief when (1) one successfully exercises an informed choice (2) between two or more remedies, rights, or states of facts (3) which are so inconsistent as to (4) constitute manifest injustice.

*Id.* .

Generally, in order to prevail on a motion for summary judgment, the movant must either prove that no genuine issue of material fact exists, affirmatively disprove at least one element of plaintiff's cause of action, or prove an affirmative defense as a matter of law. *American Tobacco Co., Inc. v. Grinnell,* 951 S.W.2d 420, 425 (Tex. 1997); *Nixon v. Mr. Property Management Co., Inc.,* 690 S.W.2d 546, 548 (Tex. 1985). The movant bears the burden of proving that he is entitled to judgment as a matter of law. TEX.R. CIV. P. 166a(c). On review, the appellate court must take as true all evidence favoring the non-movant and indulge every reasonable inference in his favor. *Park Place Hosp. v. Estate of Milo,* 909 S.W.2d 508, 510 (Tex.1995). Because appellee's motion for summary judgment was explicitly limited to having the lower back injury claim dismissed and severed out from the neck injury claim under the affirmative defense of election of remedies, we look to the record evidence to discover if the appellee has proven said defense as a matter of law.[1]

In the instant case, the following exchange took place during the deposition of Larry as he was being cross-examined by counsel for appellee:

Q.[Appellee's counsel] Do you claim that you were hurt in this accident? [the collision in question]

A.[Larry Johnson] Yes.

Q. Okay. Who did you claim that to?

A. To Kathy Land in a written Near-miss Statement.

Q. What's a "Near-miss Statement"? [sic]

A. Something Mobil Oil has you make out.

Q. You claimed you were hurt to Kathy Land in a written, quote, "Near-miss Statement"? [sic]

A. Yes.

Q. "Near-miss." All right. What'd you tell her you hurt?

A. My neck.

Q. Hurt your neck. You hurt anything else?

A. My back was strained, I thought.

Q. Strained back. You hurt anything else?

A. No, sir.

Also contained in the record before us is a letter dated "October 15, 1996," from Pamella Blakeney, RN, the worker's compensation nurse case manager for Larry's employer, Mobil Oil Corporation. Said letter was addressed to one of the doctors Larry was being treated by for his injuries. Said letter contains the following pertinent information:

Dear Dr. Ghadially:

You are the treating doctor of record for the above captioned worker's compensation claim. According to your report, you are treating Mr. Johnson for his neck and low back.

Please separate your treatment and reporting by using the following information. In addition, as case manager, I should be copied on all reports, and can

---

1. We note in passing that appellee's brief complains of, *inter alia,* the lack of record evidence linking any act or acts of its employees to the collision that injured appellant. Since evidentiary insufficiency was not the basis for appellee's motion for summary judgment, nor for the trial court's summary judgment, this issue is not before us at present.

assist you with the pre-authorization process.

&mdash; DOI: 1–25–96—neck, adjustor Glenda Matous

&mdash; DOI: 1–31–96—low back, adjustor Connie Johnson

All billing and reports are to be forwarded to:

CAPSCO

POBox 21906

Dallas, TX 75221

. . . .

■ Appellee vehemently contends that appellants always took the inconsistent position that the two injuries were separate and distinct and had separate and distinct origins. A careful examination of several letters from Larry's various treating physicians provide no evidence that the lower back injury could not have occurred on January 25, 1996, as opposed to January 31, 1996, when Larry first experienced pain in his lower back. Recall that under summary judgment review we must indulge every presumption in favor of Larry and Phyllis and against appellee. Appellee makes much of letters drafted by Larry's attorney to the Texas Worker's Compensation Commission (TWCC). The only letter in the record before us from Ms. Visnoski, Larry's attorney, that predates the Mobil Oil letter set out above is dated September 18, 1996, and is a notice of appearance and representation letter to the TWCC, and refers to Larry's work-related accident "which occurred on or about, January 25, 1996[.]" Thereafter, Ms. Blakeney of Mobil Oil sent her letter requesting that the injuries be separated. It is only after Ms. Blakeney's letter of October 15, 1996, that Ms. Visnoski begins to separate the two injuries by Mobil's "DOI" dates. This is typified by the following letter from Ms. Visnoski to the TWCC dated January 14, 1997, which provided, in pertinent part, the following:

Please be advised that we have received notification from our client that the insurance carrier is disputing the findings of the designated doctor.

Since the Insurance Company of Pennsylvania on behalf of Mobil Oil Corporation has separated Mr. Johnson's injuries in two separate and distinct claims, the dispute by the carrier is appropriate.

Rather than have to attend a Benefit Review Conference in this matter, it would seem the Commission could reschedule a designated doctor appointment and advise this physician to address the injury in question which is Mr. Johnson's neck.

The claimant is currently receiving ongoing treatment to his back which is a separate claim which occurred on January 31, 1996.

If it is possible for the Commission to return Mr. Johnson to the designated doctor to have his January 25, 1996 neck injury evaluated, please advise accordingly.

Again, indulging all reasonable inferences in favor of appellants and against appellees, we believe it reasonable to infer that Ms. Visnoski's letter set out above was merely an attempt to play by rules already set out by Mobil so as to get Larry's neck injury some medical attention.

Based upon the record before us examined in the light of proper summary judgment review we cannot say that the appellee has proven each element of its affirmative defense of election of remedies. While the record does contain evidence that appellants referred to Larry's injuries by separate occurrence dates, we cannot say that this is proof of the element that appellants exercised an "informed choice," or that this is proof that appellants have taken two "manifestly unjust" or "unconscionable," "inconsistent" "states of facts." *See Bocanegra*, 605 S.W.2d at 851. The fact that on January 31, 1996, Larry experienced lower back pain while lifting a bucket on the job cannot operate as an estoppel by election of remedies when he later, after extensive

medical treatment on his back and neck, takes the position that the lower back injury *occurred,* rather than first manifested itself, on January 25, 1996. We therefore find that the trial court abused its discretion in granting appellee's motion for summary judgment because appellee failed to prove its affirmative defense of estoppel by election of remedies as a matter of law. Issue one is sustained. The summary judgment is reversed and this cause, alleging Larry's lower back injury, is remanded to the trial court for further proceedings.

REVERSED AND REMANDED.